## NIXON & BARTLETT *against* PALMER.

An authority given by a father to his son, to accept in his name, a draft to be drawn upon him for $2,000, as the son's share of the capital of a proposed partnership with S., does not authorize the son to accept a draft for a smaller amount, to be used in paying a previous debt of S.

A subsequent ratification of such an acceptance will not bind the drawee, unless made with knowledge of the purpose for which the draft was given.

IN July, 1846, the plaintiffs sold goods in New York to the amount of $400 and upwards, to William G. Sandford, of Wisconsin. After that time there were negotiations between Sandford and James L. Palmer, a son of the defendant, in relation to the formation of a copartnership between them, but no such copartnership was ever finally agreed upon. During those negotiations, the defendant promised to let his son have $2,000 to go into business with, and as he had not then the money, he authorized the son to accept a draft drawn on him at not less than thirty days. In October, 1846, Sandford and James L. Palmer were at the plaintiffs' store in New York, and Sandford there drew upon the defendant, in favor of the plaintiffs, a draft at ninety days, for the amount of the July purchase by Sand-

ford ($482.28), which was accepted by James L. Palmer for the defendant. On that acceptance this suit was brought.

It was proved by Sandford, that in November, after the draft was drawn, he had a conversation with the defendant at Buffalo respecting the draft in suit, and other drafts which had been drawn in New York, and accepted by James L. Palmer for the defendant, and in that conversation the defendant stated that he had given James L. authority to accept for him in the manner he did. It did not appear that the defendant had at that time any notice that the acceptance in question was given in payment of a debt of Sandford.

In the Supreme Court, the plaintiff obtained judgment. The Court of Appeals reversed the judgment, and ordered a new trial; holding that the authority given to James L. Palmer to accept for the defendant, only authorized him to accept on account of the firm about to be formed, or to raise money to enable him to go into business, and did not authorize him to accept the draft to pay a prior debt of Sandford.

That the subsequent ratification attempted to be proved was not sufficient to bind the defendant, because it was not shown that the defendant knew for what purpose the acceptance was given.

That the burden of proof, with regard to that fact, rested upon the plaintiffs, who relied upon the ratification.

(S. C., 10 Barb. 175; 8 N. Y. 398.)