It was proved that the indorsement of Smith Warren, on which the defendant is sought to be charged, was written by Smith, the maker of the note, without the knowledge, consent or authority of the defendant, for Smith's own individual benefit, and for no purpose connected with the business of the firm of Smith 
Warren, and neither for the benefit of the firm, nor Warren; and that all these facts were known to the plaintiff at the time of the indorsement. Upon these facts no question is made, nor could any be made, of Warren's being not liable. There is proof of several subsequent promises on the part of Warren to pay the note, and of acknowledgments of his liability as indorser; but there is no proof in respect to the existence of any independent consideration moving to him or from the plaintiff. If, therefore, any independent consideration is necessary to sustain his liability, the plaintiff must fail. If there had been an original assent, on the part of the defendant, to the indorsement, he would have been bound by it, even if the note had been taken by the bank on account of a precedent debt as collateral security. (Bank of Rutland v. *Page 579 Buck, 5 Wend., 66.) That would have presented the common case of an accommodation indorser, whose obligation has been used as he intended it should be. Yet, in that case, there would have been no consideration moving to him, nor from the plaintiff. It would have stood upon the consideration existing between Smith and the bank. That being so, I see no reason why his subsequent assent should not place him in the same position. The maxim is certainly general, that a ratification is equivalent to a prior authority; and I do not find that it has ever been held that any special sort of ratification is necessary, when the act to be ratified is the giving, in the name of the principal, an accommodation note or indorsement. In many of the cases in which the responsibility of one partner, upon the signature of the firm name by another partner, out of the firm business, has been litigated, the creditor has been held chargeable in law with notice of that fact; and has, therefore, been put to show a special assent to the use of the firm name in that way. The creditor is in no worse position because he appears to have known in fact in this case, what in the others he was held bound in law to know. In those cases a subsequent ratification has been frequently said to be sufficient to charge the partner who had not authorized the use of his name; and it has never been suggested that to make such a ratification effectual, an independent consideration was necessary. (Sweetser v. French,
2 Cush., 315; Wilson v. Williams, 14 Wend., 158; Nixon
v. Palmer, 4 Seld., 398.) Indeed, unless there is a general exception of accommodation paper, made by an agent in the name of his principal, from the ordinary rules which are applicable to acts done by an unauthorized agent, there is no question about the defendant's responsibility. Where the unauthorized act is apparently for the benefit of the principal, a very slight matter will serve to make out a ratification; where the act is not apparently for his benefit, clearer evidence of ratification should be required. When, however, it plainly appears that he does *Page 580 
mean to ratify that which has been done in his name, the law does not compel us to deny him the privilege. He must be taken to have considered for himself whether the act done was, on the whole, such as he approves, and desires to be bound by. Such a case may have presented itself to him as is referred to by Lord ELDON, inexparte Bonbonus, cited in Gansevoort v. Williams (14Wend., 140.): "In many cases of partnership and different private concerns, it is frequently necessary for the salvation of the partnership that the private demand of one partner should be satisfied at the moment." And as such considerations would properly have great weight with a partner in assenting originally to the use of his name, by and for the benefit of his copartner, I see not why this may not also be allowed to weigh, when he comes to consider whether he will or will not be bound by a use of his name by his partner, though originally unauthorized.
The judgment should be affirmed.