## NEW YORK COMMON PLEAS.

MARY M. BERWICK and others agt. CHARLES DUSENBERRY.

There is nothing growing out of the relation of *husband and wife*, which prohibits the wife from acting as the *agent of her husband;* and if her acts be *approved* by the husband, such approval is equivalent to an original authority.

When the act done for another is apparently for his benefit, *slight evidence* should serve to establish a ratification.

Where during the husband's absence, his wife without his authority, hired a house for one year, the rent payable monthly in advance, and entered into possession thereof on the 1st of May, and on the 6th of May the husband returned and resided in the house with his wife until the 24th of May, when he paid the rent for the month of May, and moved out:

*Held,* that the husband, the defendant, was liable for the rent of the premises for the whole term. If the defendant intended to object to the hiring by his wife, on the ground that she had no authority, he should have acted promptly; his delay was a ratification of her conduct.

*General Term, February,* 1867.

*Before* DALY, *C. J.,* BRADY *and* CARDOZO, *Judges.*

THIS action was brought to recover the rent of certain premises for the month of June, 1866. During the defendant's absence his wife hired the premises in question for one year, payable monthly in advance, and took possession on the 1st day of May. On the 6th of May, the defendant returned, and moved out of the house on the 24th, as soon as he could, and paid the rent for the month of May.

The defendant testified that his wife had no authority to

hire a house or make a contract for him, as his father was his agent during his absence.

The justice gave judgment for the plaintiff, from which the defendant appealed.

· IRA D. WARREN, *for plaintiffs.*
A. H. REAVY, *for defendant.*

*By the court*, BRADY, J. It may be assumed that the defendant's wife had no authority, express or implied, to hire the premises from the plaintiff, and yet the judgment rendered therein must be sustained.

The defendants' wife took possession of the premises on the 1st of May, 1866, and the defendant, when he returned on the 6th of May ensuing, also went into possession of them, and remained until the 23d or 24th of the same month. He did not, for aught that appears during his occupancy, in any manner advise the plaintiff or his agent, that his wife had acted without authority, and that he did not intend to ratify the contract she had made, nor did he do any act indicative of a similar intent. He said on the trial, that he refused to keep the premises, and moved out on the 23d or 24th of May.

His removal was too late. He had, by his delay, ratified the contract made by his wife. The doctrine on that subject is clearly stated in *Story on Contract* (§ 161), on the authority of adjudged cases, as follows: It is not necessary that the ratification should be express and formal, unless the agent act in the name of the principal, by an instrument under seal, in which case the ratification must also be under seal; but it may arise by implication from collatteral circumstances, from the acts of the principal, or from his silence and acquiescence, when it was incumbent on him to object, or when the presumption of a ratification is the only satisfactory explanation of such a silence.

There is nothing growing out of the relation of husband and wife, which prohibits the latter from acting as agent of her husband; and if her act as such be approved, that

approval is equivalent to an original authority (*Hopkins* agt. *Mollineaux*, 4 *Wend.* 465).

It makes no difference where the act has been adopted, whether the person acting for another was authorized but exceeded his power, or assumed to be authorized, when in fact he was not clothed with power directly or indirectly. (*Story on Agency*, § 253; *Nixon* agt. *Palmer*, 4 *Seld.* 398; *Commercial Bank* agt. *Warren*, 15 *N. Y. R.* 577; *Wilson* agt. *Furman*, 6 *Man. & Gran.* 236.)

And as we have seen that the principal may be held to have assumed the obligation made for him, by his silence or acquiescence, he is required to disavow the act done in his name, within a reasonable time, (*Cairnes* agt. *Bleecker*, 12 *Johns.* 300; *Viainna* agt. *Barclay*, 3 *Cow.* 281; *Gage* agt. *Herman*, 2 *Comst.* 417; *Buckenbeeker* agt. *Lowell*, 32 *Barb.* 9; 2 *Kent's. Com.* 616; *Benedict* agt. *Smith*, 10 *Paige*, 127,) and particularly where, as in this case, he availed himself of the benefit of the contract made for him by occupying the premises. When the act done for another is apparently for his benefit, slight evidence should serve to establish a ratification (*Commercial Bank* agt. *Warren*, *supra*, § 579).

There seems to be great propriety in applying such a rule strictly to a case like the present, in which it appears that the wife during the absence of her husband hired a dwelling, which may be classed as one of the necessaries of life. In this case, however, the ratification is abundant. The defendant followed his wife to the premises hired and occupied by her, and remained there, as already shown, for eighteen days. These were acts from which no other conclusion was to be drawn by the landlord than that he intended to remain for the term secured. As said by STRONG, J., in *Gage* agt. *Sherman* (*supra*), "if the defendant intended to object to the terms of sale he should have acted promptly. The plaintiff might then have taken his land back, and probably without loss."

The justice in this case held that the delay of the defendant in reference to the repudiation of the contract, having

taken possession of the premises as he had, was unreasonable, and we think it was. He should have acted promptly, and restored the possession to the landlord.

The judgment should be affirmed.