Rathbun v. Citizens' Steamboat Co. of Troy.

# New York Marine Court.

### Trial Term—November, 1875.

## JOSEPH D. RATHBUN, et al., against THE CITIZENS' STEAMBOAT CO. OF TROY.

**Duty of Carrier under C. O. D. Contract.—Effect of taking Consignee's Check.—Ratification by Shipper.**—The consignee's check is not payment, and the carrier is liable if the check is not paid. But if the consignor receives the check from the carrier without objection, he ratifies the unauthorized act of the carrier, who is in consequence relieved from liability.

McADAM, J.—The defendants are common carriers of merchandise for hire and reward, running freight boats between New York and Troy, upon the Hudson. They received a package from the plaintiffs, directed to R. A. Van Alstine, Troy, N. Y., marked C. O. D., $94.28, which they receipted for and agreed to deliver C. O. D. These letters and figures have a well-understood meaning among shippers, and indicate that the carrier is to collect the amount specified upon the package before delivering it (Collender v. Dinsmore, 55 *N. Y.* 200). The carrier in the present case disregarded this duty, and delivered the package upon receiving the consignee's uncertified check to the plaintiffs' order. This was unauthorized, and if the plaintiffs had not by their subsequent conduct ratified the carrier's unauthorized act, the plaintiffs' right to recover would seem clear. Upon the return of the boat to New York, however, the carrier delivered the check to the plaintiffs, who accepted it without objection, deposited it in their bank, and upon its return from Troy, protested for non-payment, the plaintiffs for the first time repudiated the defendant's act in re

ceiving the check, instead of money, and thereupon commenced the present action ·to recover the damages suffered in consequence.

The plaintiffs were under no obligation to accept the consignee's check, and they might, by declining to receive it, have held the carrier for the money ; they; however, voluntarily elected to receive the check, and by so doing they ratified the unauthorized act of their agent (the carrier), and adopted the transaction as their own (Commercial Bank of Buffalo *v.* Warren, 15 *N. Y.* 577 ; *Dunlap's Paley's Agency,* 4 Am. ed. of 1856, notes on p. 171 ; *Story on Agency,* 8 ed. §§ 254–256). This act exonerated the carrier, in the absence of bad faith, and none is charged in the present case.

The defendants are, therefore, entitled to judgment.

The above decision was, upon appeal, affirmed by the New York common pleas at general term, and by the New York court of appeals (see report of case in 57 *How. Pr.* 191).

As to ratification, see also 18 *Moak's English R.* 317, where the authorities are collated.