By the Court.—Sedgwick, Ch. J.
This action was brought by plaintiffs for the recovery of money expended by them, at the alleged request of defendant, in the purchase of certain stocks, as his brokers, upon margins furnished by him, less those margins and the amount realized from a sale of the stock.
On the trial, the counsel for defendant claimed that there was no evidence that the plaintiffs gave to the defendant notice of the time and place of sale, and asked the court to charge the jury, that if no notice were given, the sale was a conversion by the plaintiffs, and excepted to the refusal of the court to charge as requested. The refusal was not error, for the fact of conversion did not go to the whole damages asked by plaintiffs, but entitled the defendant to a reduction of plaintiffs’ damages by the amount proven to have been suffered by defendant from the sale at the particular time when it took place. No such amount was proven. Baker v. Drake, 53 N. Y. 211, and the cases that follow it.
*189 The defendant testified in substance, that the stock bought for him. by the plaintiffs, was not of the kind ordered by him. The plaintiffs testified that after the sale of the stock they made up the account and presented it to the defendant, and that he accepted it, and promised to pay the balance stated in it. The court charged that the acceptance and the promise, if the jury found for the plaintiffs in that respect, were a ratification of the plaintiffs’ purchase originally. This was correct. The promise needed no new consideration. Commercial Bank of Buffalo v. Warner, 15 N. Y. 577.
Of the acceptance, as claimed, of the purchase, the court said, of the defendant, “ It wras his duty, either to accept or refuse to accept it. . He had a right to say, I will not accept that stock. If he did not say that, then he did accept the stock. That, in connection with the other evidence that I have called your attention to, of the presentation of the account and his promise—if he did promise to pay the account as presented,fif you believe the testimony—was a ratification of the acts of the plaintiffs, and bound him to accept that stock, namely, the Ohio stock and the Chicago and Northwestern.” Defendant’s counsel excepted to this portion of the charge. The counsel for the defendant supposes that the validity of this charge can be questioned upon this appeal. It was in fact followed by several propositions which were correct, and the exception that was taken applied, rather to these propositions than to those that had preceded them.
The judgment should be affirmed with costs.
Ingraham, J., concurred.