## McCORMACK v. McCAFFREY.

(Supreme Court, Appellate Term. October, 1901.)

BROKER—COMMISSIONS—EMPLOYMENT BY HUSBAND.

Defendant's husband listed her real estate with plaintiff, a broker. Afterwards defendant asked him if her husband had listed her property, and was told he had. Plaintiff showed the property to a third person, and introduced the latter to defendant, and an exchange was finally effected. Afterwards plaintiff called on defendant, who was with her husband, and they said they would pay his commissions when they received certain money. The husband later paid $100 on account, and promised to pay the balance. *Held* to show plaintiff's employment by the husband as defendant's agent, and recognition thereof by defendant amounting to a ratification.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Stephen C. McCormack against Catherine T. McCaffrey. Judgment dismissing complaint, and plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and McADAM and GILDERSLEEVE, JJ.

Leventritt & Brennan, for appellant.

Thomas O'Callaghan, for respondent.

McADAM, J. This action was to recover a balance due for brokerage in procuring the exchange of certain real property of the defendant, Nos. 24 and 26 West 131st street, for other real property known as No. 11 East 131st street, belonging to Mrs. Gilman. It appears that the defendant's husband went to the plaintiff's real-estate office, and left the defendant's property for sale. Thereafter the defendant and her husband called at the plaintiff's office, and, while looking over sketches on the wall of property for sale, the defendant asked the plaintiff if her husband had left her property for sale, and the plaintiff said he had. It further appears that the plaintiff showed the property to a Mrs. Upton, and then introduced her to the defendant, who showed Mrs. Upton through the property, after which Mrs. Upton told the defendant that she would let her know, through the plaintiff, whether she would take the property or not. The exchange was finally consummated, and the contract was signed by Mr. McCaffrey for his wife, and by Mrs. Upton for Mrs. Gilman, and was afterwards carried out by the parties. After the sale was closed, the plaintiff called on the defendant, who was then in company with her husband. The plaintiff spoke to them about his brokerage on the sale, and they said that, as soon as they had obtained a second mortgage on the property, or collected money enough from the rents, they would pay his commissions. The husband afterwards paid the plaintiff $100 on account, and promised to pay the balance. Such a transaction showed an employment of the plaintiff by the husband of the defendant, acting as her agent, and a recognition of the husband's act amounting to a ratification by her, equivalent to an original personal employment by her. Story, Ag. § 244; Bank v. Warren, 15 N. Y. 577; Keeler v. Salisbury, 33 N. Y. 648. It was therefore error for the justice to hold that the plaintiff had not made out a prima facie case sufficient to call upon the defendant for some explanation, and the judgment dismissing the complaint must be reversed, and a new trial granted, with costs to abide the event.

Judgment reversed, and new trial granted, with costs to abide event. All concur.