(101 App. Div. 181)

### STEWART v. HARRIS et al.

(Supreme Court, Appellate Division, Second Department. January 6, 1905.)

1. PRINCIPAL AND AGENT—SALES BY AGENT—RATIFICATION—MISTAKE OF FACT —RIGHT OF PRINCIPAL.

    Where one ratified a sale of stock by his broker on the faith of an erroneous statement by the broker as to the price received, and in ignorance of the truth, he may, on discovering the facts, disaffirm the sale or affirm it; and, if he elects to affirm, he can only recover the actual proceeds thereof.

2. SAME—ACTION FOR PROCEEDS OF SALE BY AGENT—EVIDENCE—ADMISSIBILITY.

    Where, in an action against a broker for the proceeds of the sale of stock for plaintiff, as shown by a statement furnished by the broker giving the price received, the broker alleged that the statement was erroneous, that a less price was received, and that plaintiff was informed of the true price before the beginning of the action, evidence of matters preliminary to the sale—such as whether the broker's agent was empowered to direct sales, whether he ordered the stock to be sold, and whether he knew to whom the same was sold, etc.—was admissible.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Robert Stewart against George W. Harris and others, composing the firm of George W. Harris & Co. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

A. S. Mapes, for appellants.
Robert Stewart, for respondent.

PER CURIAM. The defendants, who are stockbrokers, reported a sale to the plaintiff, their customer, of his stock, for deficient margin, by a printed and written statement that it had been sold at $55¼ per share to De Aguero. Thereupon the plaintiff ratified the sale, and demanded the amount due him as shown by such statement. The defendant sent a second statement, dated like the first statement, marked, "Duplicate Account Error," that the sale was at $53¼ per share. The plaintiff, insisting that he received this statement subsequent to the mailing of his letter in answer to the first statement, repudiated the second statement and reiterated his demand. He now sues for the balance due as shown by the price realized by the first statement. The defendants an-

swer that the price named in the first statement was due to a clerical error of an employé, and that the second statement is true.

This action is based upon a ratification by the plaintiff of the sale by his agent of this stock. If the plaintiff assented, misled by the first statement and in ignorance of the facts, he was free to disaffirm (Nixon v. Palmer, 8 N. Y. 398; Rowan v. Hyatt, 45 N. Y. 138), and to pursue another remedy. But if he still elect to affirm the sale, he is only entitled to the actual proceeds thereof, and cannot hold the agent for a greater sum stated in his report, if it be shown that such sum was written in by mistake. In other words, we think that the agent is not estopped from showing the facts of the sale. If the plaintiff can hold the agent for a greater sum than that received, he does not recover the proceeds of the sale, but, rather, he penalizes the agent for a mistake in his statement to the sum named therein. We cannot see that there is any hardship worked on the plaintiff. Ratification was not his sole remedy. As we have said, he was not bound by his ratification after he learned of the alleged mistake. If, therefore, he chose to continue his ratification, he took the risk that the second statement was the truth.

The learned Municipal Court justice refused to permit a witness in the employ of the defendants, who testified that he was the "order clerk," to state whether it was part of his duties to give orders for sales, or whether he gave any order for this sale, or whether he received notice of sale, or whether he knew to whom the stock was sold; thus shutting out all preliminary questions as to the alleged sale by the defendants, although such sale may have been made under and by the direction of this employé, and although he may have had personal knowledge thereof. The justice also refused to permit an employé of the reputed purchaser to testify whether he had any knowledge whether the purchaser bought any stock of the defendants on the day named as that of the sale. Even if these questions were, in a sense, preliminary or introductory, and so did not reach at once the identical transaction, they certainly led up to it, and, if answered, they might have been followed by questions to these witnesses which bore directly upon the sale in question. We cannot but think that this general exclusion was harmful to the defendants, and, without specifically approving of each question excluded, we think that the general course of exclusion was error.

The judgment should be reversed and a new trial ordered; costs to abide the event.