### BARKER vs. MATHEWS.

A plaintiff in a judgment who has procured an execution to be issued and levied upon personal property of the defendant, cannot sustain an action against a wrong-doer for taking such property out of the possession of the officer.

ERROR to the Chautauque common pleas. Barker sued Mathews in a justice's court, and declared in case, for that the defendant had taken, carried away and secreted certain property of the defendant, which had been levied upon, by virtue of an execution in favor of the plaintiff. The defendant pleaded not guilty, and the plaintiff recovered before the justice. The defendant appealed to the common pleas. On the trial in that court the plaintiff offered to prove a judgment in his favor against the defendant, and an execution thereon; that said execution was levied upon the property mentioned in the plaintiff's declaration to an amount sufficient to satisfy the judgment, of which the defendant had notice; that said defendant fraudulently and wrongfully removed said property and converted it to his own use, whereby the plaintiff was defrauded and deprived of obtaining satisfaction. The defendant's counsel objected that this evidence would not maintain the action, and the court being of that opinion nonsuited the plaintiff, who duly excepted.

*H. Keep*, for the plaintiff in error.

*R. P. Marvin*, for the defendant in error.

*By the Court*, BEARDSLEY, J. There is no precedent for this action, and as the law has already provided well known and appropriate remedies for all parties, in such cases, there is no occasion to devise a new one.

The constable who levied the plaintiff's execution is responsible to him for the value of the property levied on. It will be no defence to the constable that the property was fraudulently

taken from his custody by the defendant in the execution: for such taking the constable may have his action against the defendant, and thus indemnify himself. In this manner the defendant will be made to answer for his own wrong, to the officer, and the latter, in turn, will respond to the plaintiff. These remedies exist, and they have been found fully commensurate to such injuries.

, This case is not like *Yates* v. *Joyce*, (11 *John. R.* 136.) In that case, the judgment owned by the plaintiff gave him, as the court held, a legal lien on the real property to which the injury complained of was done. The sheriff had no right whatever to that property; he had power to sell, but nothing more. His seizure of real estate on execution, and advertising it for sale, gives him no title to the property, nor any lien upon it; he therefore, could have maintained no action for the injury done by the defendant to the property which the sheriff was about to sell, nor was the sheriff responsible to the plaintiff for what had been done.

Here the constable had a special property in the goods levied upon, and could have brought an action for the defendant's wrongful act. But the plaintiff had no lien upon or property in the goods, and therefore he can have no action for the alleged injury.

The cases are plainly distinguishable, and this judgment should be affirmed.

Judgment affirmed.