NORTHUP et al. v. CHENEY.

(Supreme Court, Appellate Division, Third Department. March 2, 1898.)

1. NOTE—NOTICE OF PROTEST.
    A defective notice of nonpayment and protest of a note described as dated November 11, 1893, instead of November 1, 1895, is not a misdescription, vitiating the notice, in the absence of evidence showing the indorser was misled as to the identity of the note.

2. APPEAL—OBJECTIONS NOT RAISED BELOW.
    In an action against an indorser of a note, evidence of a demand was received without objection, and the defendant's objection to the notary's certificate of protest and demand, on the ground that the notary did not present the note personally, was overruled. No further evidence of demand was given, and no point made at the trial that demand was not sufficiently shown. *Held*, the certificate being prima facie proof of a demand, the defendant, on appeal, is not in a position to say the ruling was erroneous.

3. ACTION ON NOTE—COMPLAINT.
    In an action against indorser of a note, plaintiff offered to show that he was a surety, but the court held that it was admitted by the pleadings. The count alleged that defendant, for value, indorsed the note to plaintiff, which statement was admitted by defendant. *Held*, that defendant, for whom judgment was rendered, could not sustain it on the ground that there was no sufficient allegation or proof that defendant was not a second indorser.

Appeal from trial term.

Action on a promissory note by Edwin R. Northup and another against Edward D. Cheney, impleaded with Edward W. Cheney. Judgment dismissing complaint against defendant Edward D. Cheney, and motion for new trial denied. Plaintiffs appeal. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Edgar Hull and A. D. Wait, for appellants.
George R. Donnan, for respondent.

MERWIN, J.    This action was brought on a note dated November 1, 1895, made by E. W. Cheney for $575 and interest, payable 13 months

after date, to the order of the plaintiffs, Northup & Vanderwerker, at Mutual National Bank, Troy. It was alleged in the complaint, and not denied in the answer of the defendant E. D. Cheney, that the defendant E. W. Cheney delivered the note to the defendant Edward D. Cheney, "who thereupon, for a valuable consideration, indorsed the same, and the same thereupon was, for a valuable consideration, duly transferred and delivered to the plaintiffs." The allegations of the complaint that the note, when due, was duly presented for payment, demand made and refused, and the note thereupon duly protested, and notice of nonpayment duly given to the indorser, were denied by the defendant E. D. Cheney, and he attached an affidavit to his answer that he had not received notice of the nonpayment of the note set up in the complaint. At the trial a jury was called, but at the close of the evidence, no witnesses being called by the defense, the parties stipulated that the cause be submitted to the court, and a verdict directed in favor of either party entitled thereto, with like effect as if the same had been made upon the conclusion of the evidence; and the cause was thereupon submitted accordingly. The court thereupon made a decision in writing, whereby judgment was directed "in favor of the defendant Edward D. Cheney, and a dismissal of the complaint herein upon the merits as to said defendant, upon the ground that no sufficient notice of demand and refusal to pay the note in suit was given to said defendant." The plaintiffs thereupon made a motion on the minutes to set aside the verdict and decision upon all the grounds stated in section 999 of the Code of Civil Procedure. This motion was entertained and denied, and the order denying the motion entered as of the date of the trial. Exceptions were also filed by the plaintiffs to the decision.

Upon the trial it appeared that the notice of nonpayment and protest served by the notary on the defendant E. D. Cheney described the note as being dated November 11, 1893, instead of November 1, 1895. The notice was dated December 1, 1896, and read as follows:

"Take notice that a note made by E. W. Cheney at the Mutual National Bank, for $575 and interest, dated November 11, 1893, indorsed by you, was this day protested," etc.

On December 4, 1896, the defendant E. D. Cheney wrote to the plaintiffs, at Ft. Edward, N. Y., "in regard to a certain note made by E. W. Cheney." After stating that Mr. Cheney, Jr., called on them before the note became due to see about the matter, and that they agreed to write, the letter proceeds:

"I am frank to say I am in no position at present to pay the note, and would like to have the matter extended, as you know it has been a very hard year for all business. You certainly cannot object to this, as you are in just as good position, and give the young man a chance to pay the matter, and I will be in better shape to help than I am at the present time."

E. D. Cheney was the father of E. W. Cheney. Neither of these parties was sworn at the trial. The father knew, presumptively, that on November 1, 1895, he had indorsed for his son a note of $575, which was payable at the Mutual National Bank on December 1, 1896, and that the plaintiffs had the note. Very evidently, the letter was about this note. E. D. Cheney had then received the notice. If, when he

wrote the letter, he supposed the notice did not refer to the note plaintiffs had, would he not have said something about it? There is no intimation that he is on any other note for the son. In 2 Daniel, Neg. Inst. (4th Ed.) § 979a, the rule is laid down that no misdescription of the date of the instrument will vitiate the notice unless it misleads. In Hodges v. Shuler, 22 N. Y. 114, 119, it was said by Judge Wright that, although a notice is defective, if from attendant circumstances it is apparent that the indorser was not deceived or misled as to the identity of the dishonored note he will be charged. The same view is taken in Bank v. Backus, 36 N. Y. 100, 107. From the evidence in this case, ·in the absence of any testimony from the indorser on the subject, the presumption is, I think, that the indorser was not deceived or misled as to the identity of the dishonored note, and that, therefore, the court ·erred in holding that no sufficient notice was given to the indorser.

But it is claimed by the respondent that the judgment should be sustained on the ground that no presentment for payment was shown. The notary, who was the cashier of another bank at Troy, did not present it in person. He testified without objection that he presented the note through his clerk for payment, and payment was refused, the note marked "No funds"; that this manner of presentment was according to the custom in regard to such matters in Troy, where the defendant lived. The plaintiff offered in evidence the certificate of protest, which certified to a demand. This was objected to by the defendant, on the ground that the notary did not present the note personally. The objection was overruled, and the certificate was received in evidence. The defendant is not in a position to say that this ruling was erroneous. No further evidence of demand was given, and no point was made at the trial that the demand was not sufficiently shown. The certificate in a proper case was prima facie proof of demand. This being the situation, the plaintiffs might well believe that no further evidence was necessary on the subject. They should not be prejudiced by any mistake induced by the course of the trial. The defendant should not be allowed to sustain the judgment upon a ground which, if distinctly taken at the trial, might have been obviated. Scott v. Morgan, 94 N. Y. 508, 515.

The respondent further claims that the judgment should be sustained because the note was made payable to the order of the plaintiffs, and there is no sufficient allegation or proof that the defendant was not intended to be a second indorser. The plaintiffs at the trial offered, in substance, to show that the respondent was surety for the maker; but the court held it to be unnecessary, as it was admitted by the pleadings. The court evidently construed the admitted allegations as stating, in substance, that the defendant E. D. Cheney, for a valuable consideration received from the plaintiffs, indorsed and transferred to them the note, and that this was a sufficient basis for liability. Lynch v. Levy, 11 Hun, 145. I perceive in this no error which the defendant can take advantage of in support of the judgment. If, by reason of the ruling, the plaintiffs failed to give necessary evidence, the defendant should not be permitted to use such failure as a ground for sustaining a judgment in his favor placed on a different ground. Had the court on this subject ruled otherwise, the plaintiffs, by amendment or

further evidence, might have obviated the difficulty. See Marvin v. Insurance Co., 85 N. Y. 278, 284. In my opinion, there should be a new trial.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.