EDWIN R. NORTHUP and ROZELL VANDERWERKER, Appellants, v. EDWARD D. CHENEY, Respondent, Impleaded with EDWARD W. CHENEY.

*Notice of protest of a note — a misdescription which does not mislead is immaterial — evidence of a custom to make a demand by the notary's clerk — proof required in a suit by the payee against an indorser.*

In an action upon a promissory note, made by E. W. Cheney, against the maker and indorser thereof, it appeared that the notice of protest served upon the indorser described the note as being dated November 11, 1893, instead of November 1, 1895, and that the indorser, after receiving the notice of protest, wrote to the holders of the note "in regard to a certain note made by E.

W. Cheney," stating that he (the indorser) could not pay the note and asking for an extension.   There was no intimation that the indorser had indorsed for such maker any other note than the one in suit.

*Held,* that the evidence, in the absence of any testimony from the indorser on the subject, created a presumption that the indorser had not been deceived or misled by the misdescription in the notice of protest, and that, consequently, it was erroneous for the court to hold that no sufficient notice of non-payment had been given to the indorser.

A notary's certificate of the protest of a note, which certifies to a demand for payment, is *prima facie* evidence that a demand was made; and where the notary testifies without objection that he presented the note through his clerk for payment; that payment was refused; the note marked " no funds," and that this manner of presentation was according to the custom in regard to such matters in the city where the indorser resided, and the certificate of protest is received in evidence over the objection that the notary did not present the note personally — no further evidence of demand having been given and no point having been made at the trial that the demand was not sufficiently shown — the indorser is not in a position to say that the ruling admitting the certificate was erroneous, or to claim that the notice of protest was insufficient because of the want of a demand for payment.

The indorser cannot assert that the note was made payable to the plaintiffs, and that there is no sufficient allegation or proof that he was not intended to be a second indorser, where it appears that the plaintiffs offered to prove that the defendant in question signed as surety for the maker, but that the court held it to be unnecessary upon the ground that it was admitted by the pleadings.

APPEAL by the plaintiffs, Edwin R. Northup and another, from a judgment of the Supreme Court in favor of the defendant Edward D. Cheney, entered in the office of the clerk of the county of Washington on the 9th day of July, 1897, upon the dismissal of the complaint upon the merits as to said defendant by direction of the court after a trial before the court and a jury, and also from an order entered in said clerk's office on the 27th day of July, 1897, denying the plaintiffs' motion for a new trial made upon the minutes.

*Edgar Hull* and *A. D. Wait,* for the appellants.

*George R. Donnan,* for the respondent.

MERWIN, J.:

This action was brought on a note dated November 1, 1895, made by E. W. Cheney for $575 and interest, payable thirteen months after date to the order of the plaintiffs, Northup & Vanderwerker, at the Mutual National Bank, Troy.   It was alleged in the complaint,

and not denied in the answer of the defendant E. D. Cheney, that the defendant E. W. Cheney delivered the note to the defendant Edward D. Cheney, "who thereupon, for a valuable consideration, endorsed the same, and the same thereupon was, for a valuable consideration, duly transferred and delivered to the plaintiffs." The allegations of the complaint, that the note when due was duly presented for payment; that demand was made and refused, and that the note was thereupon duly protested and notice of non-payment duly given to the indorser, were denied by the defendant E. D. Cheney, and he attached an affidavit to his answer that he had not received notice of the non-payment of the note set up in the complaint.

At the trial a jury was called, but at the close of the evidence, no witnesses being called by the defense, the parties stipulated that the cause be submitted to the court and a verdict directed in favor of either party entitled thereto, with like effect as if the same had been made upon the conclusion of the evidence, and the cause was thereupon submitted accordingly. The court thereupon made a decision in writing whereby judgment was directed "in favor of the defendant Edward D. Cheney, and a dismissal of the complaint herein upon the merits, as to said defendant, upon the ground that no sufficient notice of demand and refusal to pay the note in suit was given to said defendant." The plaintiffs thereupon made a motion on the minutes to set aside the verdict and decision upon all the grounds stated in section 999 of the Code. This motion was entertained and denied, and the order denying the motion was entered as of the date of the trial. Exceptions were also filed by the plaintiffs to the decision.

Upon the trial it appeared that the notice of non-payment and protest served by the notary on the defendant E. D. Cheney described the note as being dated November 11, 1893, instead of November 1, 1895. The notice was dated December 1, 1896, and read as follows: "Take notice, that a note made by E. W. Cheney at the Mutual National Bank for $575 and interest, dated Nov. 11th, 1893, endorsed by you, was this day protested," etc.

On December 4, 1896, the defendant E. D. Cheney wrote to the plaintiffs at Fort Edward, N. Y., "in regard to a certain note made by E. W. Cheney." After stating that Mr. Cheney, Jr., had called

on them, before the note became due, to see about the matter, and that they had agreed to write, the letter proceeds : " I am frank to say I am in no position at present to pay the note, and would like to have the matter extended, as you know it has been a very hard year for all business. You certainly cannot object to this, as you are in just as good position, and give the young man a chance to pay the matter, and I will be in better shape to help than I am at the present time."

E. D. Cheney was the father of E. W. Cheney. Neither of these parties was sworn at the trial. The father knew, presumptively, that, on November 1, 1895, he had indorsed for his son a note of $575, which was payable at the Mutual National Bank on December 1, 1896, and that the plaintiffs had the note. Very evidently, the letter was about this note. E. D. Cheney had then received the notice. If, when he wrote the letter, he supposed the notice did not refer to the note the plaintiffs had, would he not have said something about it ? There is no intimation that he is on any other note for the son.

In 2 Daniel on Negotiable Instruments (4th ed. § 979a) the rule is laid down that no misdescription of the date of the instrument will vitiate the notice unless it misleads. In *Hodges* v. *Shuler* (22 N. Y. 114, 119) it was said by Judge WRIGHT that, although a notice is defective, if, from attendant circumstances, it is apparent that the indorser was not deceived or misled as to the identity of the dishonored note, he will be charged. The same view is taken in *The Artisans' Bank* v. *Backus* (36 N. Y. 100, 107).

From the evidence in this case, in the absence of any testimony from the indorser on the subject, the presumption is, I think, that the indorser was not deceived or misled as to the identity of the dishonored note, and that, therefore, the court erred in holding that no sufficient notice was given to the indorser.

But it is claimed by the respondent that the judgment should be sustained on the ground that no presentment for payment was shown. The notary, who was the cashier of another bank at Troy, did not present it in person. He testified, without objection, that he presented the note through his clerk for payment; that payment was refused and the note marked " no funds ;" that this manner of presentment was according to the custom in regard to such matters in Troy, where the respondent lived. The plaintiffs offered in evi-

dence the certificate of protest, which certified to a demand. This was objected to by the respondent, on the ground that the notary did not present the note personally. The objection was overruled and the certificate was received in evidence. The respondent is not in a position to say that this ruling was erroneous. No further evidence of demand was given, and no point was made at the trial that the demand was not sufficiently shown. The certificate in a proper case was *prima facie* proof of demand. This being the situation, the plaintiffs might well believe that no further evidence was necessary on the subject. They should not be prejudiced by any mistake induced by the course of the trial. The respondent should not be allowed to sustain the judgment upon a ground which, if distinctly taken at the trial, might have been obviated. (*Scott* v. *Morgan*, 94 N. Y. 508, 515.)

The respondent further claims that the judgment should be sustained because the note was made payable to the order of the plaintiffs, and there is no sufficient allegation or proof that the respondent was not intended to be a second indorser.

The plaintiffs at the trial offered in substance to show that the respondent was surety for the maker, but the court held it to be unnecessary, as it was admitted by the pleadings. The court evidently construed the admitted allegations as stating in substance that the defendant E. D. Cheney, for a valuable consideration, received from the plaintiffs, indorsed and transferred to them the note, and that this was a sufficient basis for liability. (*Lynch* v. *Levy*, 11 Hun, 145.) I perceive in this no error which the respondent can take advantage of in support of the judgment. If by reason of the ruling the plaintiffs failed to give necessary evidence, the respondent should not be permitted to use such failure as a ground for sustaining a judgment in his favor placed on a different ground. Had the court ruled otherwise on this subject, the plaintiffs by amendment or further evidence might have obviated the difficulty. (See *Marvin* v. *Universal Life Ins. Co.*, 85 N. Y. 278, 284.)

In my opinion there should be a new trial.

All concurred.

Judgment and order reversed and a new trial granted, costs to abide the event.