(30 Misc. Rep. 442.)

KNEUSTLER v. DOYLE et al.

(Supreme Court, Appellate Term. February 8, 1900.)

COURTS—MUNICIPAL COURT OF NEW YORK CITY—JURISDICTION.

Where an officer was prevented from removing property levied on, and thereafter was unable to find sufficient property to satisfy the execution, the creditor's action, being for consequential damages for loss of the property, and not for an injury thereto, was not within the jurisdiction of the New York municipal court, under Greater New York Charter, § 1364, giving such court jurisdiction of an action for damages for injury to property.

Appeal from municipal court, borough of Manhattan, Fifth district.

Action by Ludwig Kneustler against Christopher J. Doyle and another. From a judgment for plaintiff, defendant Doyle appeals. Reversed.

Argued before FREEDMAN, P: J., and MacLEAN and LEVENTRITT, JJ.

John Whalen, for appellant.
Hoffman & Hoffman, for respondent.

MacLEAN, J.　This judgment should be reversed because the return does not show that a cause of action cognizable in the court below was pleaded or proven. The David Mayer Brewing Company, the plaintiff's assignor, recovered judgment against one Donellan, and issued execution thereon to a marshal, who, on February 15, 1898, made a levy upon property claimed by a third party, but did not remove the goods. Three days later the marshal returned to remove the property, but, controversy arising, the marshal asked for police assistance, which was sent. At the instance of the police officers, all repaired to the station house, where the marshal was arrested and detained upon a charge of disorderly conduct made by one of the officers, as the plaintiff claims, by direction of the defendant, a sergeant of police, and then at the desk. The marshal was released by the magistrate. When he went again he did not find property sufficient to satisfy the execution. Even were all this so, as the justice may be assumed to have found, despite the strenuous contradictions of the defendant's witnesses, neither the plaintiff nor his assignor had a right of action for injury to property, but, at most, for consequential damages sustained by loss of property, in which the marshal may have had a special interest by reason of his levy, but the general ownership in which remained in the debtor, or some person other than the execution creditor, whose interest therein was the extent of the ministerial officer's liability to pay him the proceeds, if any, realized, to the amount requisite to satisfy the execution (Scott v. Morgan, 94 N. Y. 508), and which does not constitute a cause of action within the jurisdiction of the municipal court (Greater New York Charter, § 1364). The judgment must therefore be reversed.

Judgment reversed, with costs. All concur.