### COHEN v. SOBEL et al.

#### (Supreme Court, Appellate Term. February 5, 1909.)

1. EXECUTION (§ 211*) — LEVY — WRONGFUL INTERFERENCE—RIGHTS OF EXECUTION CREDITOR.

   One wrongfully interfering with goods on which a levy under an execution has been made is liable to the sheriff, who is answerable to the execution creditor, and the wrongdoer is not liable to the execution creditor, unless a statute so· expressly provides.

   [Ed. Note.—For other cases, see Execution, Dec. Dig. § 211.*]

2. EXECUTION (§ 211*) — LEVY — WRONGFUL INTERFERENCE—RIGHTS OF EXECUTION CREDITOR.

   A complaint in an action by an execution creditor against one receiving into his possession goods levied on under the execution, which alleges that defendant's claim to the property was fraudulent and made 'to defraud plaintiff, but which does not show whether defendant's claim had been submitted to the sheriff's jury, as provided by Code Civ. Proc. § 1418, or whether plaintiff had authorized the sheriff to deliver the goods to defendant on faith of his representations, or whether the sheriff had made·such delivery voluntarily, states no cause of action.

   [Ed. Note.—For other cases, see Execution, Dec. Dig. § 211.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Abraham Cohen against Samuel Sobel and another. From a judgment overruling a demurrer to the complaint, and awarding final judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Matthias Radin, for appellants.
Morris Meyers, for respondent.

GIEGERICH, J. The complaint alleged the recovery by· the plaintiff of a judgment against the J. Block Shirt Company, a corporation, the issuance of an execution, and a levy thereunder by the sheriff; that thereafter the defendants made ·claim to certain cloth included in the levy; that thereafter, solely by reason of such claim, the defendants took into their possession and received from the sheriff the said cloth, and have withheld the same so that the sheriff was unable to sell it under the execution; that the defendants' claim to the prop-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes·

erty was false and fraudulent, and known to them to be so at the time, and was made for the purpose of cheating and defrauding the plaintiff; and that, by reason of the said claim and its recognition by the sheriff, the plaintiff was damaged in the sum of $100, the value of the goods. The defendants demurred, and the demurrer was overruled, and upon the admission of counsel for the defendants that the facts were correctly stated in the complaint final judgment was rendered for the plaintiff for the value of the cloth.

The defendants appeal to this court, claiming that the complaint does not state facts sufficient to constitute a cause of action, and I think they are right. It is well settled that the remedy of the execution creditor for any wrongful interference with the goods upon which a levy has been made is against the sheriff. The wrongdoer is liable to the sheriff, but not to the execution creditor, except where a right of action in favor of the latter is expressly given by statute, and in this manner the wrongdoer will be made to answer for his wrong to the officer, and the latter, in time, will respond to the plaintiff. Barker v. Matthews, 1 Denio, 335; Ansonia Brass & Copper Co. v. Pratt, 10 Hun, 443, 444; Scott v. Morgan, 94 N. Y. 508. It does not appear from the complaint whether the claim of the defendants to the property in question was submitted to the sheriff's jury, as provided by section 1418 of the Code of Civil Procedure, or whether the plaintiff authorized the sheriff to deliver it to the defendants upon the faith of their representations, or whether the sheriff made such delivery voluntarily. So far as the complaint shows, the sheriff acted without either the plaintiff's authorization or the protection of a verdict in favor of the claimant, and what we have said is entirely applicable to such a situation. It may be that if the plaintiff was induced by the false representations of the defendants to authorize a delivery to them, or, after trial by the sheriff's jury, to refrain from giving the undertaking prescribed by the Code, a different result would be necessary. As to this, we express no opinion, but the plaintiff should be allowed to amend his complaint if he be so advised.

The judgment should be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend his complaint upon payment of all costs hereby awarded.

GILDERSLEEVE, P. J., concurs.

SEABURY, J. I concur in the result. I am compelled to this conclusion because the complaint does not allege that, after the defendants made their claim to the property, a jury was impaneled to try the validity of the claim, and that the sheriff delivered the property to the defendants pursuant to the finding of the jury upon such false and fraudulent claim and upon the failure of the plaintiff to give an undertaking. If such an allegation was contained in the complaint, I think an entirely different situation would be presented. The opinion of Mr. Justice GIEGERICH very clearly points out that the complaint in its present form does not make it appear that the sheriff lawfully delivered the property to the defendants. If the sheriff unlawfully delivered the property to the defendants, the plaintiff would have

his remedy against the sheriff, and not against the defendants. If the delivery to the defendants was made pursuant to sections 1418 and 1419 of the Code of Civil Procedure, the interesting question which the plaintiff's counsel seeks to raise would be fairly presented. While we are to construe the pleading liberally and the facts stated in the complaint are admitted by the demurrer, we cannot assume the existence of facts which are not pleaded. It would not be proper at this time, in view of the present condition of the complaint, to discuss the question which the counsel for the plaintiff seeks to raise.

The judgment should be reversed, and plaintiff's counsel may be able fairly to present the question he seeks to raise by an amendment to his complaint.