Benj. Yokoyama, Plaintiff, *v.* San Carlos Operating Company and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Ninth District, September, 1932.

*Neill Rife*, for the plaintiff.

*Lloyd Weisberger*, for the defendant Guzzardi.

Lewis, David C., J.   The complaint lists two causes of action. The defendant treats them as sounding in trover and the plaintiff apparently acquiesces in this deduction.   The defendant moves for the dismissal of the complaint on the ground that it appears on the face of the complaint that it does not state facts sufficient to constitute a cause of action.   The plaintiff submits neither argument nor authorities in support of his complaint, content to let the document speak for itself.

The complaint is composed of substantially the following facts: That the plaintiff on about February 15, 1932, duly procured the

judgment of the New York Supreme Court, New York county, against one Siegfried Bechold for $17,176.75; that thereupon the plaintiff caused an execution to be duly issued upon said judgment to the sheriff of New York county, who levied upon personal property owned by the said Siegfried Bechold and located in that apartment 404, in premises 150 East Fiftieth street, New York city.

That on February 15, 1932, the real property, designated as 150 East Fiftieth street, New York city, was in the possession and control of the defendant San Carlos Operating Company, of which company the defendant Walter Guzzardi was president, and that said real property remained in the control and possession of said corporation until April 27, 1932, when it vacated by reason of final order in summary proceedings.

That on February fifteenth and subsequent to the said levy and pursuant thereto the sheriff made repeated demands upon said defendants for the surrender of said personal property levied upon; but the defendants failed and refused to surrender the same to the *plaintiff* and converted the same to their own use.

The first cause of action also incorporates allegations of the fraudulent assertion by the defendants of unfounded claims to the personal property, through which the defendants sought to gain an interest in said personal property and whereby the defendants wrongfully and unlawfully converted the same to their own use to the plaintiff's damage.

The complaint in the statement of the second cause of action reiterates the allegations of the first cause of action and further sets forth the refusal and failure of the defendants to surrender and deliver the personal property to the sheriff pursuant to a third party order made by a justice of the Supreme Court, directing the defendants to deliver the personal property to the sheriff of the county of New York, claiming that the defendants wrongfully converted the chattels.

The complaint is barren of any statement that the execution has been returned unsatisfied or remains uncollected.

How can this complaint be sustained? If it is to be considered or construed as alleging a conversion, it is fatally defective.

Two elements are essential to constitute conversion: " 1. Property in the plaintiff with a right of possession; 2. A conversion by the defendant of the property to his own use." (*Salt Springs National Bank* v. *Wheeler*, 48 N. Y. 492, 495; *Cleminshaw* v. *Meehan*, 236 App. Div. 185, 186.)

" It is elementary that the law of conversion is concerned with possession, not with title. (*McCoy* v. *American Express Company*, 253 N. Y. 477, 482.") (*Pierpoint* v. *Hoyt*, 260 id. 26, 29.)

A sheriff's levy upon personal property of the defendant debtor pursuant to an execution issued by the plaintiff creditor gives rise to certain claims in such property which may ultimately inure to the advantage of plaintiff creditor. But the plaintiff himself does not thereby become seized of any property in the chattels levied upon, nor possessed of any right to their possession.

Levy pursuant to execution puts the property in the custody of the law. It does not divest the defendant debtor of his ownership notwithstanding it gives the sheriff a special property therein.

" As a matter of law, the sheriff is not the agent of suitor in the execution of lawful process, and unless special instructions are given to him, the law alone defines his authority and prescribes his duties and controls him in their discharge." (*Gray* v. *Sheridan, Electric Light Company,* 19 Abb. N. C. 152.)

The sheriff must act on his own responsibility; it is neither the function of the court or counsel to direct him. (*Bowie* v. *Brahe,* 2 Abb. Pr. 161.)

" A sheriff who levies upon chattels by virtue of an execution acquires a special property therein and may sue anyone who takes them from his possession, as for goods rescued, either to recover the possession thereof or damages for their conversion." (*Dickinson* v. *Oliver,* 195 N. Y. 238, 241.)

For any interference with the rights secured by the sheriff through levy pursuant to execution, or for any injury to such special interest, the sheriff alone may sue. For the remedy, like the responsibility, is vested solely with the sheriff.

The very fact that a levy inures to the benefit of plaintiff creditor is but a reason why the plaintiff creditor cannot institute suit for such a cause of action.

" It is well settled that the remedy of the execution creditor for any wrongful interference with the goods upon which a levy has been made is against the sheriff. The wrongdoer is liable to the sheriff, but not to the execution creditor, except where a right of action in favor of the latter is expressly given by statute; and in this manner the wrongdoer will be made to answer for his wrong to the officer, and the latter, in time, will respond to the plaintiff." (*Cohen* v. *Sobel,* 62 Misc. 306, 307.)

The soundness of these holdings is explicitly vouched for by our highest court.

" The following principles are deemed to be well established by the decisions of the courts of this State as to the rule of common law upon this subject. After such levy, the debtor, against whom the process issues, still remains the general owner of the property seized, and is entitled by virtue of such ownership to the benefit

of its full value, either in its application in satisfaction of the claims of the creditor, to procure which the levy was made, or in case of a surplus resulting after such satisfaction, to a return of such surplus. (*Marsh* v. *White*, 3 Barb. 519.)

"He unquestionably has a right of action against any person unlawfully interfering with such property while in the possession of the sheriff, by which interference its value is impaired or diminished, and in consequence of which he is deprived of the benefit of its application in the payment of his debt or the return of any portion to which he may be entitled.

"This right of action is necessarily subordinate to the right of the sheriff to maintain an action to recover damages for a loss occasioned by an injury to his special interest in the property created by a levy and possession under legal process. (*Howland* v. *Willetts*, 9 N. Y. 173; *Ansonia Brass Co.* v. *Babbitt*, 74 id. 397; Story on Bailments, par. 93, e. and note.)

"Since from the very nature of such an action any recovery by the sheriff inures to the advantage of the creditor issuing the process (*People* v. *Reeder*, 25 N. Y. 304; *Cornell* v. *Dakin*, 28 id. 259), obvious considerations of justice prevent the existence of a right of action in the creditor for the same injury." (*Scott* v. *Morgan*, 94 N. Y. 508, 515.)

Nor does this complaint come within the special remedy created by the statute.

Under what was originally subdivision 3, section 708 of the Code of Civil Procedure, now practically embodied in subdivision 3 of section 969 of the Civil Practice Act, suit may be instituted by a plaintiff creditor against third persons interfering with property after the same has been attached by the sheriff. In construing this section the ruling is: "This right of action exists, therefore, solely by force of the statute, and must be confined to the cases therein provided for. It is not a general right of action for any and all injuries to such property, but gives the remedy solely for the injury occasioned by a willful withholding and concealment of the property from the sheriff. It exists only where property has once been taken in execution by the sheriff, and would seem to arise solely when he was unable to regain its possession, and dispose of it under the authority conferred by the execution. No right of action is expressly given for injury to the property while in possession of the wrong-doer, but the language of the act seems to contemplate only an injury to the rights of the parties aggrieved by such an appropriation of the property as deprives him altogether of the benefit thereof. Such an injury cannot be shown until by the return of the process

it is demonstrated that the execution remains uncollected, and the property taken from the sheriff cannot be recovered by him and its proceeds applied upon the judgment. Until this time it cannot be said with certainty that the judgment creditor is aggrieved, or, if aggrieved what is the limit or extent of his grievance.

" The act also expressly requires that such concealment and withholding shall be willful on part of the wrong-doer before he can be subjected to the penalty imposed, thereby precluding the idea that one who dispossesses the sheriff under a claim of right, and detains the property under a belief that he has a superior title thereto, can be made liable under this statute." (*Scott* v. *Morgan*, 94 N. Y. 508, 518.)

The motion is, therefore, granted, with ten dollars costs.